IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
JOHNSTOWN

| | |
|---|---|
| JAIR RAMIREZ, | |
| Petitioner | 3:25-CV-00537-RAL |
| vs. | STEPHANIE L. HAYNES<br>United States District Judge |
| KRISTI NOEM[1], SECRETARY OF THE U.S. DEPARTMENT OF HOMELAND SECURITY, et al. | RICHARD A. LANZILLO<br>Chief United States Magistrate Judge |
| Respondents | ORDER FOR SUPPLEMENTAL BRIEFING |
| | IN RE: ECF NOS. 3, 11 |

ORDER FOR SUPPLEMENTAL BRIEFING

Petitioner Jair Ramirez' pro se Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 is before the undersigned for Report and Recommendation. *See* ECF No. 3. Respondents have filed a response to the Petition in which they assert that Petitioner has failed to cooperate in efforts to obtain travel documents necessary to effectuate his removal, including Petitioner's failure to disclose information concerning his family background. ECF No. 11, p. 1. Petitioner asserts that he "has fully cooperated with Respondents in their efforts to remove him from the United States." ECF No. 3, p. 1. The extent to which an alien detainee cooperates or fails to

[1] Markwayne Mullin is the current Secretary of Homeland Security, but his substitution for former Secretary Kristi Noem has yet to be entered on the docket.

cooperate in efforts to effectuate his removal materially impacts the Court's analysis under *Zadvydas v. Davis*, 533 U.S. 678 (2001).[2]

Accordingly, it is hereby ordered that, within ten (10) days of the date of this Order, Respondents file a supplemental brief addressing the extent to which Petitioner has cooperated or failed to cooperate with efforts to secure his removal since the date of the parties' last status report in January 2025. Respondents' submission should include any documents or other evidence necessary to support their factual assertions. Within ten (10) days of the filing of Respondent supplemental brief, Petitioner may file a response including any documents or other evidence necessary to support his factual assertions.

SO ORDERED, this 26th day of August, 2026.

BY THE COURT:

RICHARD A. LANZILLO
CHIEF UNITED STATES MAGISTRATE JUDGE

---

[2] An alien detainee cannot meet his burden to show that there is no significant likelihood of his removal in the reasonably foreseeable future if he refuses to cooperate to secure travel documents. *See Roe v. Oddo*, 2025 WL 3030692, at *8 n.9 (W.D. Pa. Oct. 30, 2025) (citing *Lema v. U.S. Immigration and Naturalization Service*, 329 F.3d 853, 857 (9th Cir. 2003)). And periods of the detainee's non-cooperation do not count towards the six-month post-removal order period beyond which *Zadvydas* holds that continued detention may be considered unreasonable. *See Rene v. Sec'y of Dep't of Homeland Sec.*, 2007 WL 708905, at *3 (D.N.J. Mar. 5, 2007)); *Qing Di Wang v. Carbone*, 2005 WL 2656677, at *3 (D.N.J. Oct. 17, 2005) (calculating the detention period based on the date the petitioner began cooperating).